**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS SAUNDERS,<br><br>             Plaintiff,<br><br>   v.<br><br>COLLABERA, INC.,<br><br>             Defendant. | Civil Action No. 20-15207 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

   This matter comes before the Court upon Defendant Collabera Inc.'s ("Collabera") Motion to Compel Arbitration and Stay Litigation pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4 ("FAA"). (ECF No. 11.) Plaintiff Thomas Saunders ("Plaintiff") filed a brief in opposition to Collabera's Motion (ECF No. 15), and Collabera filed a reply brief in support of its Motion (ECF No. 16). The Court has carefully considered the parties' briefing and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Collabera's Motion to Compel Arbitration and Stay Litigation is granted and Plaintiff's request for discovery is denied.

**I.      BACKGROUND**

   Plaintiff filed the complaint for this class action lawsuit on October 29, 2020, in the District Court of New Jersey in response to the following alleged events. (Compl. ¶¶ 1–8, ECF No. 1.) On June 8, 2020, Collabera identified malware "in its network system consistent with a ransomware attack." (Compl. ¶ 4, Ex. 1.) Personal and financial information, including such information belonging to Plaintiff and the class members, was exposed to the unauthorized third party as a

result of the ransomware attack. (Compl. ¶ 5, Ex. 1.) On June 10, 2020, Collabera became aware that the unauthorized party had obtained such information, and Collabera subsequently mailed notification letters to all potentially affected individuals, including Plaintiff and the class members, on July 10, 2020. (Compl. ¶¶ 3, 5, Ex. 1.) Plaintiff asserts that he has spent time and energy verifying his identity with creditors and monitoring credit reports and continues to suffer anxiety and emotional distress as a result of the data breach and its ongoing effects. (Compl. ¶¶ 49–51.) Prior to receiving the notification letter, Plaintiff had not been employed by Collabera, nor engaged in any communications or transactions with Collabera, since his employment with Collabera ended in August 2008. (Declaration of Thomas G. Saunders ¶¶ 4–7, ECF No. 15–1.)

Plaintiff signed agreements containing arbitration provisions on February 26 and 28, 2008 in connection with his application for and acceptance of employment with Collabera. (*See* Declaration of Mike Chirico ("Chirico Decl."), Ex. A–D, ECF Nos. 11–2, 11–3.) Pursuant to the arbitration provisions, Plaintiff agreed to settle "any dispute [arising] out of or relating to [the employment] Agreement," "all work–related controversies between [him] and the Company," "and any and all disputes arising in connection with [his] employment with Collabera" through arbitration. (Chirico Decl. ¶¶ 7–10, Ex. A–D.) Further, the Consultant Employee Handbook ("Manual") states that, "[t]he sole and exclusive method to resolve any claim is arbitration" and that "[e]ach party waives the right to a jury trial and the right to file a lawsuit in court." (Chirico Decl., Ex. B.) Plaintiff signed a document agreeing to abide by the Manual, which stated, "I acknowledge that I have received and reviewed the [Manual], including the DISCLAIMER on the previous page. I agree to abide by the policies stated in [the Manual], including the Arbitration Policy on page 13." (*Id.*)

2

In response to Plaintiff's Complaint, Collabera filed the Motion to Compel Arbitration and Stay Litigation presently before the Court.

## II.  LEGAL STANDARD

"Because arbitration is a matter of contract, before compelling arbitration pursuant to the [FAA], a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Madlinger v. Midland Credit Mgmt.*, No. 19–21183, 2020 WL 7640918, at *2 (D.N.J. Dec. 23, 2020) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). "The FAA declares that '[a] written provision in any . . . contract . . . to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Preziosi v. JetSmarter, Inc.*, No. 19–13627, 2020 WL 978637, at *2 (D.N.J. Feb. 28, 2020) (quoting 9 U.S.C. § 2). "Whe[n] there is a contract between the parties that provides for arbitration, there is an 'emphatic federal policy in favor of arbitral dispute resolution.'" *Hoover v. Sears Holding Co.*, No. 16–4520, 2017 WL 2577572, at *1 (D.N.J. June 14, 2017) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). As such, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Preziosi*, 2020 WL 978637, at *2 (citations omitted).

The Third Circuit has enumerated a standard for district courts to apply when deciding a motion to compel arbitration and stay litigation. The Third Circuit explained:

> [W]hen it is apparent, based on the face of [the] complaint[ ] and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. . . . But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be

entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.

*Preziosi*, 2020 WL 978637, at *2 (quoting *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013)).[1]

### III.   **DISCUSSION**

Plaintiff opposes Collabera's Motion on two prongs. First, Plaintiff contends the arbitration provisions at issue violate New Jersey law and are unenforceable because the provisions do not express clear and unmistakable language that establishes a waiver of the constitutional right to a jury trial. (Pl.'s Opp'n Br. 1.) Second, Plaintiff argues the claims asserted against Collabera fall outside the scope of the arbitration provisions because the claims arise out of Collabera's data breach and the conduct that facilitated and exacerbated it. (Pl.'s Opp'n Br. 4.) Plaintiff, accordingly, asserts that his claims do not arise out of or relate to the employment agreement, are not work–related controversies, and do not arise in connection with Plaintiff's employment with Collabera. (Pl.'s Opp'n Br. 4.) Plaintiff further contends that the Court should permit discovery and schedule an evidentiary hearing to determine the purpose of Collabera's continued retention of Plaintiff's records after his employment concluded because Collabera cannot compel arbitration

---

[1] One of the arbitration clauses at issue in the present matter provides, in relevant part, that disputes would be resolved via "final and binding arbitration . . . pursuant to the Model Employment Arbitration Procedures of the American Arbitration Association ('AAA')." (Chirico Decl. ¶ 8, Ex. B.) In *Richardson v. Coverall*, the Third Circuit stated, "[w]hile 'virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability,' we need not determine whether such a rule always applies." 811 F. App'x 100, 103 n.2 (3d Cir. 2020) (quoting *Chesapeake Appalachia, LLC v. Scout Petrol., LLC*, 809 F.3d 746, 763–64 (3d Cir. 2016) (alterations in original) (quoting *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013)).) The Third Circuit also stated, "[e]ven where an agreement incorporates the AAA Rules, a contract might still otherwise muddy the clarity of the parties' intent to delegate." *Id.* Defendant in the present matter did not argue that the parties intended to delegate the issue of arbitrability. The Court, therefore, does not address that issue here.

without evidencing that this purpose was in connection with Plaintiff's employment. (Pl.'s Opp'n Br. 10.)

Collabera contends that the arbitration provisions do express clear and unmistakable language that establish a waiver of the constitutional right to a jury trial. (Def.'s Reply Br. 5–6.) Alternatively, Collabera argues that in the event the express language is not clear and unmistakable, the FAA prohibits Plaintiff from claiming the provisions are unenforceable—by arguing he did not understand the implication or meaning of the provisions—because such a defense does not qualify at law or in equity for the revocation of any contract. (Def.'s Reply Br. 9.) Moreover, Collabera contends that Plaintiff's claims inherently fall within the scope of the arbitration provisions because the very subject of the claims—Plaintiff's personal and financial information—only came into Collabera's possession and protection because of Plaintiff's employment at Collabera. (Def.'s Reply Br. 12.) Lastly, Collabera asserts that Plaintiff's request for discovery is baseless and should be rejected because Plaintiff presents no factual predicate or clear articulation to indicate discovery would lead to evidence concerning the enforceability of the arbitration provisions. (Def.'s Reply Br. 14–15.) The Court will address the parties' arguments, in turn.

A. **The arbitration provisions are valid and enforceable because they express clear and unmistakable language establishing a waiver of the constitutional right to a jury trial.**

"An arbitration agreement, as a waiver of rights, must be clear and unambiguous." *Tharpe v. Securitas Sec. Servs., USA*, 2021 WL 717362, at *3 (D.N.J. Feb. 24, 2021) (citing *Skuse v. Pfizer, Inc.*, 236 A.3d 939, 950 (N.J. 2020)). Arbitration provisions do not require a prescribed set of words and the specific location of clear and unmistakable arbitration language within an agreement is immaterial so long as the employee understands that "arbitration is a waiver of the right to bring suit in a judicial forum." *See Atalese v. U.S. Legal Servs. Grp.*, 99 A.3d 306, 314

5

(N.J. 2014). A signed waiver can be accomplished by an acknowledgement form that is separate from the underlying agreement. *Skuse*, 236 A.3d at 955; *see also Leodori v. CIGNA Corp.*, 814 A.2d at 1107–08 (N.J. 2003). Moreover, "[t]he acknowledgment form need not recite [the arbitration] policy verbatim so long as the form refers specifically to arbitration in a manner indicating an employee's assent, and the policy is described more fully in . . . another document known to the employee." *Skuse*, 236 A.3d at 955 (quoting *Leodori*, at 814 A.2d at 1107–08); *see also Tharpe*, 2021 WL 717362, at *3. To be enforceable, an arbitration provision must "explain in some minimal way that arbitration is a substitute for a[n employee's] right to pursue relief in a court of law[.]" *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1171 (N.J. 2016).

Here, by requiring Plaintiff to sign a separate provision stating that (1) he received and reviewed the Manual, and (2) thereby agreed to abide by the arbitration policy stated within the Manual, Collabera at least *in a minimal way* explained that arbitration was a substitute to the right to bring suit in a judicial forum. (Chirico Decl., Ex. B.) Additionally, despite Plaintiff's contentions that the arbitration provisions he signed did not expressly state a waiver of the constitutional right to a jury trial, Plaintiff nonetheless indicated an understanding of the meaning and implication of the term "arbitration" by acknowledging review of, and agreeing to abide by, the Manual. In so doing, Plaintiff indicated an understanding that the agreement's additional arbitration provisions waived his right to bring suit in a judicial forum.[2]

---

[2] Plaintiff also argues the provision that "[t]he losing party will pay all reasonable attorneys' fees incurred by the prevailing party" (Chirico Decl. ¶ 8, Ex. B) is unconscionable (Pl.'s Opp'n Br. 9–10). The Court does not find *Dare v. Freefall Adventures, Inc.* and *Warren Distributing Co. v. InBev USA, LLC*, the cases cited by Plaintiff, analogous or persuasive. Here, Plaintiff has failed to cite any relevant authority for the proposition that a provision requiring the losing party to pay reasonable attorneys' fees renders an arbitration clause unconscionable. In *Delta Funding Corp. v. Harris*, the New Jersey Supreme Court found that to the extent a provision in a contract would prevent a plaintiff from recovering discretionary fees and costs under the relevant statute, the contract was unconscionable. 912 A.2d 104, 114 (N.J. 2006). In *Alexander v. Anthony Int'l, L.P.*, the Third Circuit found an arbitration provision unconscionable where the employee could not recover his attorney's fees and the losing party was required to "bear the costs of the

### B. Plaintiff's claims against Collabera fall within the scope of the arbitration provisions.

Plaintiff's contention that his claims in the present matter are not in connection with or relationship to the employment agreement and fall outside the scope of the arbitration provisions is not persuasive because Plaintiff provided Collabera the alleged exposed information with the specific purpose of attaining employment with Collabera. The Third Circuit and New Jersey courts have interpreted the terms "arising out of" and "relating to" broadly, "indicative of an 'extremely broad' agreement to arbitrate any dispute relating *in any way* to the contract." *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 523 (3d Cir. 2019) (quoting *Curtis v. Cellco P'ship*, 992 A.2d 795, 802 (N.J. Super. Ct. App. Div. 2010)); *see also Griswold v. Coventry First LLC*, 762 F.3d 264, 267–68 (3d Cir. 2014) (finding that a provision encompassing "[a]ll disputes and controversies of every kind . . . arising out of or in connection with this Agreement" should be construed broadly).

Plaintiff and Collabera construe diverging arguments from *Varela v. Lamps Plus, Inc.*, No. 16–577, 2016 WL 9110161, at *1 (C.D. Cal. July 7, 2016), *aff'd*, 701 F. App'x 670 (9th Cir. 2017), *rev'd on other grounds*, 139 S. Ct. 1407 (2019). In *Varela*, the court found an enforceable arbitration provision where the parties agreed to arbitrate "all claims that may hereinafter arise in connection with ... employment." *Id.* at *2, *4. The *Varela* plaintiff was a current employee of the company at the time his personal information was exposed to a data breach, and subsequently raised claims in connection with that incursion. *Id.* The employee's personal information was retained by the employer in an employment file for the purposes of obtaining employment and

---

arbitrator's fees and expenses." 341 F.3d 256, 267–68 (3d Cir. 2003). Plaintiff here raises no similar arguments and presents no facts that would warrant discovery regarding the issue. Unlike the provisions cited above, the provision here does not prevent Plaintiff from recovering under the relevant statute. The Court, accordingly, finds that the attorneys' fees provision does not render the arbitration provisions unenforceable.

maintaining employment records. *Id.* The *Varela* court reasoned that the employee's claims were in connection with employment since the employer retained the personal information only for the purpose of obtaining employment and maintaining employment records. *Id.*

Plaintiff contends that this Court should stray from the *Varela* holding because the *Varela* employee was employed by the company at the time his personal information was exposed, and the provisions applied to "all claims or controversies" in connection with employment. *Varela*, 701 F. App'x at 671. Here, Plaintiff was not employed by Collabera at the time of the data breach. Plaintiff attempts to bolster an unpersuasive argument with this factual distinction by asserting that Collabera's retention of Plaintiff's information was in connection with a purpose other than employment. (Pl.'s Opp'n Br. 8.) Plaintiff further contends that the provisions at issue do not purport to cover all claims against Collabera, unlike in *Varela*, and argues that because the claims here do not arise out of employment, they are not covered by the arbitration provisions in question. (*See id.* at 8–9.) Plaintiff's contention is misguided because the provision here is analogous in scope to the provision in *Varela*, and the distinction between past and current employment does not sever the connection between employment and a company's retention of an employee's personal information. Plaintiff's attempt to distinguish the current employment in *Varela* from his past employment with Collabera, therefore, is not persuasive, because Plaintiff fails to bolster that distinction with additional facts that suggest Collabera's retention of past employee information is not in connection with employment. Significantly, both here and in *Varela*, the information was retained in connection with employment, and the distinction between current and past employment is, accordingly, immaterial.

### C. Plaintiff's claims are subject to the arbitration provisions and Plaintiff is not entitled to discovery.

The Supreme Court has emphasized that the "overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). According to the Third Circuit, if the complaint or its supporting documents do not clearly establish an enforceable arbitration agreement, "or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Guidotti*, 716 F.3d at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).

The parties are not entitled to limited discovery here. Plaintiff's claims, based on the complaint, attack Collabera's alleged negligent protection of Plaintiff's personal and financial information that *Collabera obtained in connection with Plaintiff's employment*. Plaintiff has not responded with any additional facts sufficient to place the agreement to arbitrate at issue. (ECF No. 15.) As stated, the fact that Plaintiff was not employed by Collabera at the time of the ransomware attack is immaterial to the scope of the arbitration provisions because Collabera's obtainment and protection of Plaintiff's information related to and arose out of Plaintiff's employment with Collabera: Plaintiff signed the arbitration provisions and provided Collabera with the personal information with the purpose of obtaining employment with Collabera. Moreover, Plaintiff's assertion that disputed issues of fact exist regarding the relationship of the ransomware attack to the arbitration provisions is not persuasive because Plaintiff makes no more than a "naked assertion" that Collabera's continued retention of Plaintiff's information is not in connection with Plaintiff's employment. *Guidotti*, 716 F.3d at 778 (citing *Par–Knit Mills, Inc. v.*

*Stockbridge Fabrics Co.*, 636 F.2d 51, 55 (3d Cir. 1980) ("[A] naked assertion . . . by a party to a contract that it did not intend to be bound by the terms thereof is insufficient to place in issue 'the making of the arbitration agreement' for [the] purposes of the FAA.")).

Plaintiff has neither persuasively asserted that the arbitration provisions are invalid nor meritoriously contended that the claims fall outside the arbitration provisions. Here, the Court finds that the arbitration provisions are clear, enforceable, and not in issue. In addition, Plaintiff fails to persuasively articulate that his lack of current employment with Collabera at the time of the data breach suggests that there is no connection between the employment and Collabera's retention of Plaintiff's personal and financial information. Accordingly, because Plaintiff did not raise additional facts sufficient to place the arbitration agreement in issue, he is not entitled to discovery to determine the reason for Collabera's continued retention of his information.

### IV.  CONCLUSION

For the foregoing reasons, the Court grants Collabera's Motion to Compel Arbitration and Stay Litigation and denies Plaintiff's request for discovery.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**